**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2019[*]
Decided July 31, 2019

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3739

| | |
|---|---|
| VERNAL DOWDELL,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 3:18-CV-00601-NJR-SCW |
| EQUIFAX INFORMATION<br>SOLUTION, LLC,<br>    *Defendant-Appellee*. | Nancy J. Rosenstengel,<br>*Chief Judge*. |

**O R D E R**

Vernal Dowdell, an Illinois inmate, sued the credit reporting company, Equifax Information Solution, LLC, for failing to provide him with a free copy of his credit report, in violation of the Fair Credit Reporting Act. *See* 15 U.S.C. §§ 1681n–1681p. The district court dismissed his suit at screening, *see* 28 U.S.C. § 1915(e)(2), because Dowdell

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

pleaded himself out of court through allegations that he had not followed proper procedures for requesting a credit report. We affirm.

We accept as true the following allegations from Dowdell's complaint. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018). Dowdell, worried that he might be a victim of identity theft, mailed a letter to Equifax requesting his credit report. Equifax responded that it could not find his file and needed additional identifying information. Dowdell replied that he was incarcerated and did not have access to most identity documents. He proposed that Equifax confirm his identity through the prison's Bureau of Identification, and he later forwarded copies of his General Equivalency Degree as well as a document on prison letterhead that listed his name and prisoner identification number. When he did not receive a response within ten days, he filed this suit.

The district court screened his complaint under 28 U.S.C. § 1915(e)(2) and dismissed it for failure to state a claim. As the court explained, the Fair Credit Reporting Act requires reporting agencies to disclose information to consumers "only if the request from the consumer is made using the centralized source established for such purpose," 15 U.S.C. § 1681j(a)(1)(b), and Dowdell alleged in his complaint that he "submitted to Defendant a handwritten letter requesting a free copy of his credit report." This acknowledgment, the court concluded, showed that Dowdell had not complied with the Act's requirement that he request his credit report through the centralized source.

Dowdell then filed a post-judgment motion under Federal Rule of Civil Procedure 59(e), arguing that Equifax never told him to use the centralized source to obtain his credit report, that his incarceration prevented him from accessing Equifax's website and toll-free number, and that Equifax failed to send him a summary of his rights under the Act. *See* 15 U.S.C. § 1681g(d)(2). The district court concluded that Dowdell had not demonstrated any manifest error of law or fact and denied the motion.

On appeal, Dowdell seems to believe that his written request to Equifax satisfies the Act's requirement that consumers request free credit reports via the centralized source established for that purpose. *See* 15 U.S.C. § 1681j(a)(1)(B). But Dowdell pleaded in his complaint that he contacted Equifax directly; he did not allege that he used the centralized source. By pleading facts that show that he has no legal claim, Dowdell pleaded himself out of court. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

AFFIRMED